*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANE E. MEYERING,

　　　　　Plaintiff-Appellant,

v

PORSCHE CARS NORTH AMERICA, INC. and
LANSING AUTOMOTIVE, LLC, d/b/a
OKEMOS AUTO COLLECTION,

　　　　　Defendants-Appellees,

and

DEMARS & ASSOCIATES, LTD,

　　　　　Defendant.

UNPUBLISHED
February 7, 2019

No.　341815
Ingham Circuit Court
LC No.　16-000661-NZ

Before:　METER, P.J., and K. F. KELLY and GLEICHER, JJ.

METER, P.J. (*dissenting*).

I respectfully dissent.　In my opinion, plaintiff presented no evidence that the blower issue continued after the fourth repair attempt.　This lack of evidence is fatal to plaintiff's "lemon law" and UCC claims.

I agree with the majority that, at the directed verdict stage, the trial court is required to resolve credibility determinations in the nonmoving party's favor.　That being said, credit need not be given to plaintiff's inaccurate interpretation of the evidence.　Plaintiff's argument relies on her interpretation of Olivas's testimony, i.e., that the blower-motor issue was an "open" one. Yet, an accurate reading of Olivas's testimony is that the issue was resolved.　When Olivas agreed that he could not confirm the blower-motor issue during the fourth repair attempt, he was expressing that the blower-motor issue was *no longer presenting itself*.　Olivas did find an issue with a lack of coldness in the air that blew, but he addressed *this* issue with a repair, and confirmed that, afterwards, "the entire HVAC [was] operating correctly."　He testified that prior repairs were successful and that the car was "fit for the ordinary purpose of driving."　Further

proof that the issue was resolved is plaintiff's husband's testimony that he drove the car for approximately 1,300 miles[1] after the last repair. The majority points out that plaintiff's husband testified that he possibly never turned on the blower system during this time. Nonetheless, the fact that plaintiff's husband may not have used the blower is not evidence that the blower system was defective.

Consequently, making the relevant credibility determinations in plaintiff's favor, the record shows, at most, that the blower system was experiencing problems *before* the fourth visit. Plaintiff has presented no evidence that the problem was not remedied as a result of the fourth repair attempt, rendering a directed verdict in defendants' favor appropriate on her "lemon law" claim.

To revoke acceptance and claim cover damages under the UCC, the buyer must show that a "nonconformity" "substantially impair[ed]" the value of the goods as accepted and that the nonconformity was not seasonably cured. MCL 440.2608(1)(a). Here, plaintiff has not shown that the nonconformity was not seasonably cured. As discussed previously, there is no evidence that the blower-motor issue existed after the last repair. Again, plaintiff's husband drove the vehicle for approximately 1,300 miles after the last repair and could not report any issue. Therefore, cover damages were unavailable to plaintiff. The trial court concluded that plaintiff simply did not present adequate evidence of diminished value to support her warranty claims, and I find no basis for disturbing that conclusion.

For these reasons, I would affirm.


/s/ Patrick M. Meter

---

[1] The car had 1,300 additional miles on it; plaintiff's husband testified that he "put the majority" of these additional miles on the vehicle.